**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

ERICA SMITH,                                   :
                                               :
                        Plaintiff,             :
                                               :
            v.                                 :      CIVIL ACTION NO. 05-560 (JAP)
                                               :
                                               :
AMERADA HESS CORPORATION,                      :
                                               :      **OPINION**
                        Defendant.             :
_____:

APPEARANCES:

Erica Smith
1418 East Second Street
Plainfield, NJ 07062
            Pro Se Plaintiff

Marvin M. Goldstein, Esq.
Elana Gilaad, Esq.
Proskauer Rose, LLP
One Newark Center, 18th Floor
Newark, NJ 07102
            Attorney for Defendant

PISANO, District Judge.

Plaintiff, Erica Smith, brings this action pro se against her employer, Amerada Hess Corporation, alleging unlawful discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (2005) ("Title VII"); section 1981 of the Civil Rights Act of 1966, 42 U.S.C. § 1981 (2005); and the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1 et seq. ("NJLAD").[1]  Defendant has filed a motion to dismiss Plaintiff's complaint or in the alternative, a motion for summary judgment.  For the following reasons, the Court grants Defendant's motion for summary judgment.[2]

I.    **Factual History**

Plaintiff is an African-American female employee of Defendant Amerada Hess Corporation.   On August 13, 2004, Plaintiff filed a Charge of Discrimination with the Equal

---

[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff asserts violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. and 42 U.S.C. § 1981.  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367.  The Court resolves this motion without oral argument pursuant to Federal Rule of Civil Procedure 78.

[2] Defendant has brought a motion to dismiss Plaintiff's claims or in the alternative, a motion for summary judgment.  In deciding a motion to dismiss, the Court is permitted to consider the complaint, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  In this matter, the Court will consider Defendant's motion as a motion for summary judgment because extrinsic evidence submitted by Defendant, namely, the Certification of Lenora Santino, a Senior Team Lead in the Defendant's Human Resources Service Center, has been presented to and considered by the Court.  See, e.g., Hilfirty v. Shipman, 91 F.3d 573, 578 (3d Cir. 1996) (finding that district court's treatment of motion as motion for summary judgment was appropriate where court considered affidavits presented by the defendants).

Employment Opportunity Commission ("EEOC")[3] claiming that Defendant discriminated against her on the basis of her race in violation of Title VII.  The EEOC was unable to conclude that Defendant committed any statutory violations and thus, dismissed Plaintiff's charge.  Plaintiff filed the instant action on January 27, 2005.

Plaintiff alleges the following causes of action in her complaint: (1) discrimination in violation of Title VII; (2) retaliation in violation of Title VII;[4] (3) discrimination and harassment in violation of section 1981; (4) retaliation in violation of section 1981;[5] and (5) retaliation in violation of the NJLAD[6]  Plaintiff's complaint is based on the following factual history.

Defendant hired Plaintiff as a temporary employee in 1997[7] for the position of Senior

---

[3] Although Plaintiff claims that she filed the Charge of Discrimination with the EEOC on May 26, 2004, the document itself, which was attached to Plaintiff's complaint, states that the charge was filed on August 13, 2004.  Further, this charge was also filed with the New Jersey Division of Civil Rights.  The New Jersey Division of Civil Rights has a "worksharing agreement" with the EEOC in which each agency has designated the other as its agent for receiving complaints.  See Khair v. Campbell Soup Co., 893 F. Supp. 316, 326 n.8 (D.N.J. 1995) (citing Rosemary Alito, New Jersey Employment Law § 106.6 at 245-46 (1992)).

[4] Title VII makes it unlawful for an employer to discriminate against any individual on the basis of race, color, religion, or national origin.  See, e.g., 42 U.S.C. § 2000e-2; Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001).

[5] Section 1981 provides a separate and independent basis from Title VII to allege discrimination in private employment because it prohibits racial discrimination in the performance of contracts, including employment contracts.  See 42 U.S.C. § 1981;  Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 372-73 (2004).

[6] The NJLAD provides redress for individuals who are the victims of various types of discrimination, including racial discrimination, by an employer.  See N.J.S.A. §§ 10:5-3, 10:5-4; Chugh v. Western Inventory Services, Inc., 333 F. Supp. 2d 285, 289-90 (D.N.J. 2004).

[7] The parties' submissions do not state the actual date that Plaintiff commenced employment with Defendant.  Plaintiff alleges that she worked as a temporary employee for one year and three months before Defendant hired her full-time on July 13, 1998.  If this is correct, she began working as a temporary employee for Defendant on or about April, 1997.

Staff Assistant in the Procurement Department.  On July 13, 1998, Plaintiff was hired into a full-time position with the same title.  Plaintiff alleges that Defendant discriminated against her on the basis of her race because it hired Plaintiff as a full-time employee one and one-half years after she began work as a temporary employee, while a white co-worker, Colleen Laffey, was hired into a full-time position as a Purchasing Associate in the summer of 1997,[8] after working only two months as a temporary employee.

Plaintiff also claims that Defendant discriminated against her beginning in December 1999 when it delayed promoting her from Senior Staff Assistant to Purchasing Associate.  She alleges that from that time, she was performing the same duties as Laffey, a Purchasing Associate, but was "methodically passed over" for this promotion despite her qualifications. Instead, Plaintiff was employed as a Senior Staff Assistant, a position inferior in rank and salary to the Purchasing Associate position.  Plaintiff fails to mention in her complaint that on October 9, 2000, she was in fact promoted to the position of Purchasing Associate and received an increase in salary. (Santino Cert. ¶ 6).

Furthermore, Plaintiff claims that Defendant retaliated against her for accusing the Defendant of discriminatory practices.  However, Plaintiff does not provide any concrete specifics to this charge, stating only that Defendant suspended her compensation and deprived her of earned compensation.  Plaintiff also claims in her opposition papers that the Defendant retaliated against her by forcing her to perform more responsibilities than Laffey, and at the same

---

[8] Plaintiff claims that Laffey was hired as a full-time employee in June, 1997 while Defendant claims that Laffey was hired as a full-time employee in August, 1997.  The issue of whether Laffey was hired in June, 1997 or August, 1997 does not appear to be material to this case because it does not affect the timeliness or substance of Plaintiff's delay in hiring claim.

4

time, restricting her duties.

## II.    <u>Legal Discussion</u>

### A.    <u>Legal Standard</u>

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil

Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The

substantive law identifies which facts are critical or "material." <u>Anderson v. Liberty Lobby, Inc.</u>,

477 U.S. 242, 248 (1986).

On a summary judgment motion, the moving party must show, first, that no genuine issue

of material fact exists.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  The burden then

shifts to the non-moving party to present evidence that a genuine, fact issue compels a trial.  <u>Id.</u>

at 324.  In so presenting, the non-moving party must offer specific facts that establish a genuine

issue of material fact, not just "some metaphysical doubt as to the material facts." <u>Matsushita</u>

<u>Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986).

The Court must consider all facts and their logical inferences in the light most favorable

to the non-moving party.  <u>Pollock v. American Tel. & Tel. Long Lines</u>, 794 F.2d 860, 864 (3d

Cir. 1986).  The Court shall not "weigh the evidence and determine the truth of the matter," but

need determine only whether a genuine issue necessitates a trial.  <u>Anderson</u>, 477 U.S. at 249.  If

the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a

genuine issue of material fact exists, then the Court must grant summary judgment. <u>Big Apple</u>

<u>BMW v. BMW of North America.</u>, 974 F.2d 1358, 1363 (3d Cir. 1992).

B.      **Discrimination Claims**

Plaintiff alleges that the Defendant discriminated against her in violation of both Title VII

and section 1981.   These discriminatory acts allegedly occurred: (1) in 1997-1998 when

Defendant allegedly delayed hiring Plaintiff as a full-time employee; and (2) beginning in

December, 1999, when Plaintiff was allegedly performing the duties of a Purchasing Associate

but was not given a promotion to that position or full salary and benefits of that position.

1.      **Title VII Discrimination Claims are Time-Barred**

Plaintiff's discrimination claims under Title VII are time-barred.  Under Title VII, a

plaintiff must file an EEOC charge within 300 days after her claims of discrimination accrued.

See, e.g., 42 U.S.C. 2000e-5(e)(1); Burgh v. Borough Council of the Borough of Montrose, 251

F.3d 465, 469-70 (3d Cir. 2001).[9]  A cause of action under Title VII accrues when the employee

receives notice of the unlawful practice.  See Coleman v. Albertson's, Inc., No. 04-CV-4090,

2005 WL 1041190, at *1 (E.D. Pa. May 4, 2005) (citing Delaware State College v. Ricks, 449

U.S. 250, 257 (1980)).  Thus, absent a continuing violation, all discriminatory acts that are

alleged to have occurred more than 300 days prior to the filing of the EEOC charge on August

13, 2004 are time-barred.  See Verdin v. Weeks Marine Ins., 124 Fed. Appx. 92, 95 (3d Cir.

_____

[9] There are technically two limitations periods applicable under Title VII.  If the complainant solely files an EEOC charge, such must be filed within 180 days of the occurrence of the alleged unlawful employment practice.  Burgh, 251 F.3d at 469-70.  However, if the complainant also initiates a complaint with a parallel state agency, the period for filing a charge with the EEOC is 300 days from the date of the alleged unlawful employment practice.  See, e.g., 42 U.S.C. 2000e-5(e)(1); Burgh, 251 F.3d at 469-70.  In this case, Plaintiff filed her discrimination charge with both the New Jersey Division of Civil Rights and the EEOC and accordingly, the 300 day statute of limitations period applies.

2005).

Plaintiff's claim of discrimination due to delay in hiring arose when she became aware of the fact that Defendant engaged in an unlawful delay in hiring. This likely occurred in the summer of 1997, when Laffey was hired as a full-time employee, while Plaintiff was not hired into a full-time position until July 13, 1998. Her cause of action certainly arose prior to July 13, 1998, when she was in fact hired into a full-time position. Thus, these alleged discriminatory acts are time-barred because they occurred at least six years prior to the filing of her EEOC charge on August 13, 2004. Similarly, Plaintiff's claim of discrimination due to failure to pay Plaintiff as a Purchasing Associate and promote her to that position arose, if at all, in December 1999, when Plaintiff first claimed of discriminatory treatment in this regard. Certainly, those claims arose prior to October 9, 2000 when she was in fact promoted to the position of Purchasing Associate. Thus, this cause of action arose, if at all, almost four-years prior to the filing or her EEOC charge. Accordingly, Plaintiff's claims of discrimination in violation of Title VII are dismissed as time-barred.

### 2.    Section 1981 Discrimination Claims are Time-Barred

Similarly, Plaintiff's section 1981 discrimination claims are time-barred. Although section 1981 previously prohibited discrimination in the "making and enforcing" of contracts, it was expanded in 1990 to prohibit discrimination that occurred after the formation of the contract at issue. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 372-73 (2004); see also Chugh v. Western Inventory Services, Inc., 333 F. Supp. 2d 285, 294-95 (D.N.J. 2004) (stating that the 1990 amendments to section 1981 relate to injuries that occur after the formation of the employment agreement).

7

Claims brought pursuant to the original version of section 1981 are subject to the applicable state statute of limitations for the underlying injury.  See Jones, 541 U.S. at 380-82. The applicable New Jersey statute of limitations is two years.  See Stewart v. Rutgers, 930 F. Supp. 1043, 1047 (D.N.J. 1995) (stating that a state's personal injury statute of limitations, which is two years in New Jersey, applies under section 1981), rev'd on other grounds, 120 F.3d 426 (3d Cir. 1997).  On the other hand, claims brought pursuant to the 1990 amendments to section 1981 are subject to a four-year statue of limitations.  See Jones, 541 U.S. at 380-85; see also Chugh, 333 F. Supp. 2d at 294-95.

The issue of which statute of limitations applies to Plaintiff's claims was not briefed by the parties, although Defendant states that a four-year statute of limitations applies to section 1981 claims.  The Court declines to adjudicate the issue of which statute of limitations applies to Plaintiff's various claims.  The Court will apply the four-year statute of limitations because, as discussed below, Plaintiff's claims do not survive the four-year statute of limitations, and thus, certainly cannot survive the two-year statute of limitations.

A cause of action under section 1981 accrues when the Plaintiff "knows or has reason to know of the injury which is the basis of the action."  Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998).  Plaintiff's claim of discrimination based on a delay in hiring her to a full-time position arose, at the latest, on July 12, 1998, the day before she was actually hired into a full-time position.  This claim should have been brought by approximately July 12, 2002 and thus, is time-barred.  Further, Plaintiff's claim of a delay in promotion arose, at the latest, on October 8, 2000, the day before she was actually promoted to the Purchasing Associate position. This claim should have been brought by approximately October 8, 2004 and thus, is time-barred.

### 3.     Continuing Violation Theory Does Not Revive Time-Barred Claims

Plaintiff cannot revive her time-barred delay in hiring or delay in promotion claims under the "continuing violation" theory.   Under the continuing violation theory, " 'an action is timely so long as the last act evidencing the continuing practice falls within the limitations period, in such an instance, the court will grant relief for the earlier related acts that would otherwise be time-barred.' "  See Cowell v. Palmer Township, 263 F.3d 286, 292 (3d Cir. 2001) (quoting Brenner v. Local 514, United Bd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir. 1991)).  Therefore, to revive the otherwise time-barred claims from 1997 through October 9, 2000, Plaintiff must allege that there was actual discrimination within the limitations periods for Title VII and section 1981.  See Baker v. Office Depot, Inc., 115 Fed. Appx. 574, 577 (3d Cir. 2004) (citing Cardenas v. Massey, 269 F.3d 251, 256 (3d Cir. 2001)).

The only claim in Plaintiff's submissions that could arguably revive Plaintiff's delay in hiring and delay in promotion claims is her assertion in her EEOC charge and opposition brief that Defendant currently pays Laffey a higher salary than Plaintiff even though they both hold the position of Purchasing Associate.[10]   This argument is without merit.

 Plaintiff's alleged discrepancy in pay now that both she and Laffey are Purchasing Associates is merely the effect of discrimination that occurred outside the limitations period and thus does not revive her time-barred claims.  See id; Bermingham v. Sony Corp. of Am., 820 F.

---

[10] This allegation does not derive from a fair reading of Plaintiff's complaint; however, Plaintiff is proceeding pro se and the Court will construe her pleadings liberally.  See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Robinson v. Fauver, 932 F. Supp. 639, 643 (D.N.J. 1996) (finding that pro se plaintiff's complaint and opposition brief should be read together to determine if plaintiff pled the requisite injury to survive a motion to dismiss).  The record indicates that as of October, 2004, Plaintiff was paid $37,500.00 per year and Laffey was paid $40,400.00 per year. (Santino Cert. ¶¶ 4-5).

Supp. 834, 850 (D.N.J. 1992); DeBartolo v. City of Philadelphia, No. 99-CV-1734, 2001 WL

34077879, at *4 (E.D. Pa. Dec. 13, 2001).   Both the delay in hiring an employee and delay in

promoting an employee are discrete events and thus, do not constitute continuing violations of

that employee's rights.  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114-15 (2002);

Williams v. Rohm & Haas Co., No. 99-CV-5203, 2003 U.S. Dist. LEXIS 26559, at *17-23 (E.D.

Pa. May 2, 2003) (holding that plaintiff's denial of promotion claims were discrete acts that were

time-barred and could not be revived under the continuing violation doctrine). Discrete acts are

time-barred even if they are related to acts that would be timely.  See Morgan, 536 U.S. at 113;

Williams, 2003 U.S. Dist. LEXIS 26559, at *17-18.  If Defendant violated Plaintiff's rights by

delaying in hiring or promoting her, such violations ended on July 13, 1998 and October 9, 2000,

when she was respectfully hired into a full-time position and promoted to Purchasing Associate.

Accordingly, any disparity in salary that resulted from these actions does not revive Plaintiff's

time-barred claims because it does not represent an instance of actual discrimination within the

limitations periods for Title VII or section 1981 but an effect of Defendant's prior actions.[11]

---

[11]  The Court is aware of the holdings of Miller v. Beneficial Mgmt. Corp., and Cardenas
v. Massey, in which the Third Circuit held that the receipt of a discriminatory paycheck during
the applicable limitations period acts as a continuing violation to revive an employee's otherwise
untimely pay discrimination claims. See Cardenas v. Massey, 269 F.3d 251, 255-58 (3d Cir.
2001); Miller v. Beneficial Management Corp., 977 F.2d 834, 843-44 (3d Cir. 1992).  However,
the holdings of these cases are distinguishable from the facts of this matter. The plaintiffs in
Miller and Cardenas were able to save their untimely *discriminatory* or *equal pay* claims by
pleading that they received a discriminatory paycheck during the applicable limitations period.
See Cardenas, 269 F.3d at 255-58; Miller, 977 F.2d at 844.  In this case, Plaintiff's untimely
claims allege delay in hiring and delay in promotion, not discriminatory or lack of equal pay.
Further, after both Miller and Cardenas were decided, the Supreme Court clarified the breadth of
the continuing violation doctrine in Nat'l R.R. Passenger Corp. v. Morgan by holding that the
continuing violation doctrine does not apply to revive untimely discrete acts of discrimination
such as "termination, *failure to promote*, denial of transfer, or *refusal to hire*."  536 U.S. 101,
114 (2002) (emphasis added).

      **4.**      **Equitable Tolling Theory Does Not Revive Time-Barred Claims**

The doctrine of equitable tolling does not revive Plaintiff's time-barred claims.  In order

for Plaintiff to equitably toll the applicable limitations periods, she would have to show that (1)

the Defendant actively misled her respecting her cause of action; (2) she in some extraordinary

way was prevented from asserting her rights; or (3) she has timely asserted her rights mistakenly

in the wrong forum.  See Parker v. Royal Oak Enterprises, Inc., 85 Fed. Appx. 292, 295 (3d Cir.

2003) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.1994)).

There is no such allegation in this case.  In fact, Plaintiff admits that she was aware of the alleged

inequities when she and Laffey were first hired in 1997.  Accordingly, the doctrine of equitable

tolling does not apply.[12]

**C.**      **Retaliation Claims**

Plaintiff alleges that the Defendant retaliated against her for accusing it of discriminatory

practices in violation of Title VII, section 1981, and the NJLAD.  For the following reasons,

Plaintiff's retaliation claims are dismissed.

---

[12]  To the extent that Plaintiff's complaint and supporting papers can be read to include a separate timely claim for disparate pay based on the current discrepancy of salary between Plaintiff and Laffey now that both are Purchasing Associates, such a claim lacks substantive merit.  As of October, 2004, Plaintiff received $37,500.00 per year and Laffey's salary was $40,400.00 per year.  (Santino Cert. ¶¶ 4-5).  Plaintiff has not shown that this discrepancy results from intentional discrimination, as opposed to the mere fact that Laffey was hired and promoted before Plaintiff.  See McDuffy v. Koval, 226 F. Supp. 2d 541, 550 (D.Del. 2002) (granting summary judgment on plaintiff's section 1981 claim because the court found "no evidence indicating that defendants' conduct suggests a purposeful, race-based discrimination" towards the plaintiff); Figeroa v. Ortho-McNeil Pharm., Inc., No. Civ.A. 00-3978, 2001 WL 34371698, at *2 n.1 (E.D. Pa. Oct. 29, 2001) (finding that Plaintiff's Title VII and section 1981 claims lacked substantive merit because plaintiff failed to provide evidence that the defendant's acts were based in racial discrimination).

**1. Title VII Retaliation Claim is Dismissed for Lack of Jurisdiction**

First, the Court grants summary judgment on Plaintiff's claim of retaliation in violation of Title VII because the Plaintiff did not include this claim in her EEOC charge.  The filing of a charge with the EEOC is a jurisdictional prerequisite to a private civil action under Title VII.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973); see also Longoria v. State of New Jersey, 168 F. Supp. 2d 308, 314 (D.N.J. 2001) ("Title VII plaintiffs may not seek relief or redress in federal court for any claim that has not first been presented to the United States Equal Employment Commission.").  The purpose of this requirement is to put the employer on notice that a complaint has been lodged against him and more specifically, give notice of the alleged violation so that employer has the opportunity to correct any unlawful practices.  See Antol v. Perry, 82 F.3d 1291, 1295-96 (3d Cir. 1996).  Therefore, the Court must dismiss a Title VII claims that was not "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." See id. at 1295.

The allegation of retaliation is not fairly within the scope of the prior EEOC charge because Plaintiff makes no reference to retaliation or facts that could encompass retaliation in her EEOC charge.  See, e.g., Coleman., 2005 WL 1041190, at *2 (dismissing plaintiff's claim of retaliation where plaintiff made no reference to facts that could encompass retaliation in his EEOC charge).  In fact, Plaintiff's EEOC charge, which is attached to her complaint, reveals that the box marked "retaliation" in the section marked "Discrimination Based Upon" is left blank.  Accordingly, Plaintiff's retaliation claim is dismissed.[13]

_____

[13] Plaintiff's first official claim of retaliation was made in a July 11, 2005 charge of discrimination that she filed with the New Jersey Division on Civil Rights and the EEOC.  In this charge, Plaintiff claims that Defendant retaliated against her for filing an EEOC complaint

**2.       Remaining Retaliation Claims are Dismissed on the Merits**

The Court holds that Plaintiff's retaliation claims under section 1981, the NJLAD, and Title VII to the extent that Plaintiff's retaliation claims are fairly within the scope of her EEOC, are dismissed because Plaintiff fails to specify any information about the alleged retaliatory acts. To establish a prima facie case of retaliation, a plaintiff must show that (1) she engaged in a statutorily protected activity; (2) the employer took adverse action against her; and (3) that there is a causal connection between the two events.  See Aguiar v. Morgan Corp., 27 Fed. Appx. 110, 112 (3d Cir. 2002) (setting forth elements of retaliation claim under section 1981); Abramson v. William Paterson College of New Jersey, 260 F.3d 265, 286 (3d Cir. 2001) (setting forth elements of retaliation claim under Title VII and NJLAD).  An adverse action is one that "alters the employee's compensation, terms, conditions, or privileges of employment."  Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3d Cir. 1997).

Plaintiff's claim of retaliation rests on three allegations: (1) in her complaint, she claims her compensation was "suspended" at some unspecified time in some unspecified manner; (2) in her complaint, she claims that her compensation was "deprived" at some unspecified time and in some unspecified manner; and (3) in her opposition, she claims that after filing her EEOC charge on August 13, 2004, she was given additional responsibilities and forced to succumb to more restrictive duties than her "white counterpart" Laffey.  Presumably, these are the "adverse actions" that Defendant allegedly took against Plaintiff for accusing it of racial discrimination.

---

against Defendant on August 13, 2004.  Because the filing of an EEOC charge is a jurisdictional prerequisite to a private civil action under Title VII, Plaintiff must await a right to sue letter from the EEOC before bringing her retaliation claim in federal court.  See, e.g., Burgh, 251 F.3d at 470.

13

However, Plaintiff's retaliation claims fail for a variety of reasons.  First, with respect to her allegations of suspended compensation and deprivation of compensation, Plaintiff fails to specify when these alleged incidents occurred.  Accordingly, she cannot meet her burden to establish that her claims occurred within applicable limitations periods, namely: (1) the 300 day statue of limitations applicable to Title VII claims; (2)  four-year limitations period applicable to her section 1981 retaliation claim;[14] and (3) the two-year statute of limitations applicable to her NJLAD retaliation claims, see Montells v. Haynes, 133 N.J. 282, 292-93 (1993).  See, e.g., Sullivan v. Griffin Wheel Co., No. 89-C-7942, 1991 U.S. Dist. LEXIS 7385, at *9 n.4 (N.D. Ill. May 31, 1991) (dismissing plaintiff's Title VII claim where it was "impossible to discern if any of the allegations occurred within" the applicable limitations period).

Second, Plaintiff fails to provide any evidence that such adverse actions occurred.  With respect to her claim that her compensation was adversely affected in retaliation for her charges, Plaintiff fails to specify how her compensation was injured.  Instead, the record indicates that since she has been employed by Defendant, Plaintiff's salary has increased over 40%.  Her claim that she has been forced to both take on additional responsibilities and has been restricted in performing her duties since filing her EEOC charge is similarly without merit. First, Plaintiff fails to specify how her job duties or responsibilities have been negatively impacted.  Also, an adverse employment action "must be more disruptive than a mere inconvenience of job responsibilities."  Langley v. Merck & Co., Inc., No. 04-3796, 2005 U.S. Dist. LEXIS 10220, at

---

[14] The Court applies the four-year statute of limitations to Plaintiff's retaliation claim under section 1981 because it necessarily arose after she was hired by Defendant and thus, arose under the post-1990 amendments to section 1981 reflected in section 1981(b).

*7-10 & n.6 (E.D. Pa. May 26, 2005) (finding that change in job duties was insufficient to constitute an adverse employment action); see also Haugerud v. Amery School Dist., 259 F.3d 678, 691-92 (7th Cir. 2001) (finding that Plaintiff's allegations that employer gave her additional responsibilities and interfered with her job duties were insufficient to establish an adverse action). Nowhere in Plaintiff's complaint does she identify what duties she is being forced to perform or being prohibited from performing in violation of her rights. Without informing the Court as to how her job duties were negatively impacted, the Court cannot make a determination that her duties were disrupted in a manner sufficient to warrant relief.

Finally, Plaintiff fails to establish a causal connection between any of these alleged adverse employment actions and Plaintiff's charges of racial discrimination against Defendant. See Cardenas v. Massey, 269 F.3d 251, 264 (3d Cir. 2001); see also Verdin, 124 Fed. Appx. at 95 (granting summary judgment on Plaintiff's retaliation claim because Plaintiff did not produce evidence that there was a causal connection between the alleged adverse action and his engagement in any protected activity). Thus, the Court grants Defendant's motion for summary judgment on Plaintiff's Title VII, section 1981, and NJLAD retaliation claims.

**III.   Conclusion**

_____Accordingly, the Court grants summary judgment in favor of Defendant, Amerada Hess Corporation. Plaintiff's Title VII, section 1981, and NJLAD claims are dismissed. An appropriate order accompanies this opinion.

DATED: 28th of October, 2005                          s/ Joel A. Pisano_____
                                                      JOEL A. PISANO, U.S.D.J.